**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **GARY FULLER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 04-253 (RWR)** |
| | ) | |
| **CENTRAL INTELLIGENCE AGENCY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Gary Fuller sued defendant Central Intelligence Agency ("CIA") for information withheld in response to Fuller's request for documents under the Freedom of Information Act, 5 U.S.C. § 552 *et seq.* ("FOIA").  The CIA filed a motion for summary judgment, which Fuller opposes with respect to 31 specific documents only.  An *in camera* review of ten of the 31 disputed documents revealed that the CIA's asserted exemptions were justified as to five of them, but that the other five documents reviewed contained withheld information that should have been disclosed.  Accordingly, the CIA's motion for summary judgment will be granted in part and denied in part, and the CIA will be required to reconsider its claims of exempt information, submit a new index and declaration specific to the documents that remain in dispute, and submit those documents for *in camera* review.

-2-

BACKGROUND

Fuller, a professor of geography, was an independent contractor with the CIA for more than a decade in the 1980s and 1990s.  In December 1998, after his contractual relationship with the CIA had ended, Fuller made a request for documents under the FOIA and the Privacy Act, codified at 5 U.S.C. §§ 552a *et seq.* ("PA").  He filed this suit to enforce his rights under the FOIA in February 2004.

The CIA located more than 800 responsive documents, of which 287 were released in full, 455 were released in part, 77 were denied in full, and three were referred to other agencies for a release determination and direct response to Fuller.  (See Def.'s Mem. in Supp. of Def.'s Mot. for Summ. J. at 2.)  The CIA claimed either FOIA or PA exemptions, or both, for all information not released, supplied Fuller with an index and declaration designed to demonstrate that the exemptions were justified as applied, and moved for summary judgment.  Fuller opposed the CIA's motion with respect to 31 specific documents only, 28 of which were withheld in their entirety and 3 of which were partially released.[1] (Pl.'s Opp'n to Def.'s Mot. for Summ. J. at 2 & n.2 ("Opp'n")

---

[1]  The 31 documents are identified by the following CIA internal numbers: 1189714, 1189723, 1189745, 1192009, 1192010, 1192011, 1192012, 1192013, 1192014, 1192015, 1192017, 1192018, 1192019, 1192023, 1192024, 1192025, 1192027, 1192031, 1192033, 1192034, 1192038, 1192039, 1192040, 1192041, 1192044, 1192045, 1192046, 1192047, 1192048, 1192447, 1192480.

-3-

("All other challenges to any other records can be deemed waived.").)  Because the CIA's statements on the record in this case left room to doubt that the CIA was justified in withholding all the information it withheld, the CIA was ordered to submit ten documents for an *in camera* review.[2]

DISCUSSION

Summary judgment is appropriate only when the pleadings and record evidence demonstrate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 252 (1986).  To obtain summary judgment in a FOIA case, "the defending agency must prove that each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from the Act's inspection requirements."  Goland v. CIA, 607 F.2d 339, 352 (D.C. Cir. 1978); Students Against Genocide v. Dep't of State, 257 F.3d 828, 833 (D.C. Cir. 2001).  Thus, if the agency locates records but withholds all or part pursuant to an exemption, it must assert one or more of the statutory exemptions codified at 5 U.S.C. § 552(b) as justification and, if challenged, must prove that the exemption is valid.

---

[2] The ten documents submitted for *in camera* review are identified by the following numbers:  1189723, 1192013, 1192017, 1192019, 1192031, 1192040, 1192041, 1192044, 1192045, 1192048.

-4-

A challenge to an agency's FOIA exemption assertions requires a court to conduct a *de novo* review of the application of the exemptions.  5 U.S.C. § 552(a)(4)(B).  In its discretion, a court "may examine the contents of such agency records *in camera* to determine whether such records or any part thereof shall be withheld under any of the exemptions."  Id.  *In camera* reviews are unnecessary when an agency affidavit or other showing is reasonably specific and demonstrates that the withheld information is exempt.  Ray v. Turner, 587 F.2d 1187, 1195 (D.C. Cir. 1978).  An *in camera* review is appropriate when something leads the district court to believe "that *in camera* inspection is needed in order to make a responsible *de novo* determination on the claims of exemption."  Id.  This may be the case where the affidavit is "insufficiently detailed to permit meaningful review of exemption claims," Quiñon v. FBI, 86 F.3d 1222, 1228 (D.C. Cir. 1996), where there is evidence of bad faith on the part of the agency, or where the judge wishes to resolve an uneasiness about the government's "inherent tendency to resist disclosure." Ray, 587 F.2d at 1195.  An *in camera* inspection for "segregable non-exempt matter" is appropriate if the agency's justification "merely recit[es] statutory standards," or is either "conclusory," "vague" or "too sweeping."  Weissman v. CIA, 565 F.2d 692, 698 (D.C. Cir. 1977) ; Mead Data Cent., Inc. v. Dep't

-5-

of the Air Force, 566 F.2d 242, 261-62 (D.C. Cir. 1977); Quiñon,
86 F.3d at 1228.

I.   FOIA EXEMPTIONS

Congress passed the FOIA in 1966 "to permit access by the
citizenry to most forms of government records." Vaughn v. Rosen,
484 F.2d 820, 823 (D.C. Cir. 1973).  There can be no dispute that
"[t]he mandate of the FOIA calls for broad disclosure of
Government records.  Congress recognized, however, that public
disclosure is not always in the public interest and thus provided
that agency records may be withheld from disclosure under any of
the nine exemptions defined in 5 U.S.C. §552(b)." CIA v. Sims,
471 U.S. 159, 166-67 (1985).  The nine statutory exemptions "were
plainly intended to set up concrete, workable standards for
determining whether particular material may be withheld." EPA v.
Mink, 410 U.S. 73, 79 (1973).  The documents submitted for *in
camera* review in this case implicate only three of the nine FOIA
exemptions.

The FOIA provides that information may be withheld if it is
"specifically exempted from disclosure by statute (other than
section 552b of this title), provided that such statute
(A) requires that the matters be withheld from the public in such
a manner as to leave no discretion on the issue, or
(B) establishes particular criteria for withholding or refers to
particular types of matters to be withheld[.]"  5 U.S.C.

-6-

§ 552(b)(3).  The CIA used the (b)(3) exemption to withhold

information which, if released, reasonably could be expected to

lead to the unauthorized disclosure of intelligence sources and

methods that the Director of the CIA was responsible for

protecting under 50 U.S.C. § 403-3(c)(7) (2000) (the law in

effect prior to enactment of the Intelligence Reform and

Terrorism Prevention Act of 2004).  (See Decl. of Terry N.

Buroker at 4-5, Oct. 31, 2005 ("Buroker Decl.").)  In addition,

the CIA used the (b)(3) exemption to withhold information

concerning the organization, functions, names, official titles or

numbers of personnel employed by the CIA, none of which is

subject to disclosure by mandate of 50 U.S.C. § 403g.  (See

Buroker Decl. at 5.)

     The FOIA also exempts "inter-agency or intra-agency

memorandums or letters which would not be available by law to a

party other than an agency in litigation with the agency."  5

U.S.C. § 552(b)(5).  This provision has been interpreted to

include the attorney-client privilege, the work product doctrine,

and the deliberative process privilege.  Coastal States Gas Corp.

v. Dep't of Energy, 617 F.2d 854, 862 (D.C. Cir. 1980) (citing

cases).  The CIA has invoked the (b)(5) exemption to withhold

information that is either attorney work product, an attorney-

client communication, or a deliberative and predecisional record.

-7-

(See Buroker Decl. at 5.)  The deliberative process privilege[3] "protects the decisionmaking processes of government agencies and encourages frank discussion of legal and policy issues by ensuring that agencies are not forced to operate in a fishbowl." Mapother v. Dep't of Justice, 3 F.3d 1533, 1537 (D.C. Cir. 1993) (alterations, citations and quotation marks omitted).  The privilege "'shelters documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated.'" Nat'l Ass'n of Home Bldrs. v. Norton, 309 F.3d 26, 39 (D.C. Cir. 2003) (quoting Petroleum Info. Corp. v. Dep't of the Interior, 976 F.2d 1429, 1433 (D.C. Cir. 1992)).  "Information is exempt only if it is both 'predecisional' and 'deliberative.'  A document is predecisional if it was prepared in order to assist an agency decisionmaker in arriving at his decision rather than to support a decision already made."  Id. (citation and quotation marks omitted).  In addition, an agency decision or policy must be in contemplation.  A document that is merely part of an ongoing process, such as an audit process, but that does not anticipate an agency "'decision'" or "'policy'" is not predecisional for purposes of the (b)(5) exemption.  Coastal

---

[3]  The attorney-client communication privilege and the attorney work product doctrine are not discussed here because the *in camera* review revealed that the CIA was justified in asserting the (b)(5) exemption with respect to those two privileges as applied to the ten documents submitted.

-8-

States, 617 F.3d at 868. "Material is deliberative if it
reflects the give-and-take of the consultative process." Home
Bldrs., 309 F.3d at 39 (quotation marks and citation omitted).
Documents that "contain subjective, personal thoughts on a
subject," that "discuss the wisdom or merits of a particular
agency policy, or recommend new agency policy" are among the type
of documents that may qualify as deliberative. Coastal States,
617 F.3d at 869.

The FOIA also provides an exemption for "personnel or
medical or similar files the disclosure of which constitute a
clearly unwarranted invasion of personal privacy." 5 U.S.C.
§ 552(b)(6).[4] The CIA used this exemption only for "third-party
names and/or identifying information that, if disclosed, would
constitute a clearly unwarranted invasion of personal privacy."
(Buroker Decl. at 5-6.) "To establish that release of
information contained in government files would result in a
clearly unwarranted invasion of [personal] privacy, the court
first asks whether disclosure would compromise a substantial, as
opposed to a de minimis, privacy interest." Home Bldrs., 309

---

[4] Fuller waived his challenges to FOIA (b)(6) exemptions.
(Opp'n at 2 n.2.) However, because the CIA withheld entire
documents asserting the (b)(6) exemption as one of multiple bases
for withholding all information, and because a court is obligated
to examine the segregability of non-exempt information even where
the parties do not raise the issue, Billington v. Dep't of
Justice, 233 F.3d 581, 586 (D.C. Cir. 2000), the (b)(6) exemption
must necessarily be scrutinized in this case to determine whether
it justifies withholding otherwise non-exempt information.

F.3d at 33 (citation and quotation marks omitted); Sims v. CIA,
642 F.2d 562, 573 (D.C. Cir. 1980) (stating that an agency
invoking this exemption "must demonstrate that release of the
information would violate substantial privacy interests of the
person or persons involved").  If a substantial privacy interest
is shown, "the statute prescribes a balancing test on which the
agency must also prevail."  Sims, 642 F.2d at 573.  "Exemption 6
was intended by Congress to protect individuals from public
disclosure of intimate details of their lives . . . ."  Id.
(citation and quotation marks omitted).  "By contrast, . . .
information connected with professional relationships does not
qualify for the exemption."  Id. at 574.  In short, "Exemption 6
was developed to protect intimate details of personal and family
life, not business judgments and relationships."  Id. at 575.

    The intent of Congress in enacting the FOIA was that "the
disclosure requirement be construed broadly, [and] the exemptions
narrowly."  Vaughn v. Rosen, 523 F.2d 1136, 1142 (D.C. Cir.
1975); see also Coastal States, 617 F.2d at 868 ("We reemphasize
the narrow scope of [FOIA's (b)(5) exemption] and the strong
policy of the FOIA that the public is entitled to know what its
government is doing and why.  The exemption is to be applied as
narrowly as consistent with efficient Government operation.").
Accordingly, a document that contains exempt material cannot be
withheld in its entirety if non-exempt material in that document

-10-

may be segregated and disclosed.  "[T]o withhold an entire

document, all units of information in that document must fall

within a statutory exemption."  <u>Billington v. Dep't of Justice</u>,

233 F.3d 581, 586 (D.C. Cir. 2000) (citing <u>Trans-Pacific Policing</u>

<u>Agreement v. U.S. Customs Serv.</u>, 177 F.3d 1022, 1027 (D.C.

Cir. 1999)).  "It has long been a rule in this Circuit that non-

exempt portions of a document must be disclosed unless they are

inextricably intertwined with exempt portions."  <u>Mead Data</u>, 566

F.2d at 260.  Where parties have not raised the issue of

segregability, a court is nonetheless obligated to address it *sua*

*sponte*.  <u>Billington</u>, 233 F.3d at 586.

## II.  THE CIA'S ASSERTED EXEMPTIONS

In this case, *in camera* review of the ten documents showed

that the CIA's assertion of the (b)(5) exemption for the

deliberative process privilege was not justified as applied to

documents 1192031 and 1192040.  Document 1192031 is not

predecisional.  It is a directive to deliver a message and a

statement of a recent event.  In addition, it contains no

material reflecting "the give-and-take of the consultative

process."  <u>Coastal States</u>, 617 F.2d at 866.  Similarly, document

1192040 is not predecisional as it does not contemplate anything

rising to the level of an agency decision.  <u>See Coastal States</u>,

617 F.2d at 868 ("Characterizing . . . documents as

'predecisional' simply because they play into an ongoing . . .

-11-

process would be a serious warping of the meaning of the word.
No 'decision' is being made or 'policy' being considered.").[5]

The CIA's assertion of FOIA's exemption for "personnel and
medical and similar files the disclosure of which would
constitute a clearly unwarranted invasion of personal privacy," 5
U.S.C. § 552(b)(6), was not justified as applied to documents
1192019, 1192041, and 1192044, the three instances in which it
was asserted in the documents reviewed *in camera*.  These
documents simply do not contain information of a "personal,
intimate nature," Sims, 642 F.2d at 574, and the CIA has not
demonstrated that a "substantial, as opposed to a *de minimis*,
privacy interest" is threatened by the disclosure of the third-
party names contained in the documents.  Home Bldrs., 309 F.3d
at 33.  In document 1192019, a third party is mentioned by name
and position at a university, but in this Circuit, FOIA exemption
(b)(6) does not reach business judgments and relationships.  See
Sims, 642 F.2d at 575.  Document 1192041 contains individuals'
names presumed to be third parties because they are not
identified as CIA personnel.  Here, too, however, the name itself
is the only personal information in the entire document, and

_____

[5]  In addition, document 1192040 appears to lack facial
integrity as a document, throwing into question the validity of
the description provided in the index.  Rather, it appears to be
a collection of three pages, with the first and last page
comprising one document (at best) and the middle page belonging
to some other document.

-12-

because the name appears in connection with a professional or business relationship, it cannot fairly be characterized as personal information that exemption (b)(6) was meant to protect. The same is true of document 1192044. While that document contains names of third parties, the information contained in document 1192044 reflects only business judgments and relationships, information that does not qualify for exemption under FOIA's (b)(6) exemption. <u>Sims</u>, 642 F.2d at 575.

The CIA asserts FOIA exemption (b)(3) as to documents 1192019, 1192031, 1192040, 1192041, and 1192044. While some information in each of these documents may be exempt from disclosure under (b)(3), not all information in each document is exempt under (b)(3). Fuller is entitled under the FOIA to all non-exempt information in these documents. The CIA has not met its obligation to segregate and disclose the non-exempt information in these documents.

<u>CONCLUSION</u>

Because <i>in camera</i> review of the ten documents submitted showed that the CIA was justified in its assertion of statutory exemptions with respect to five of them, but was not justified in its assertion of the (b)(5) or (b)(6) exemptions and had failed to segregate and disclose non-exempt information with respect to the other five, the CIA's motion for summary judgment will granted in part and denied in part. Accordingly, it is hereby

-13-

ORDERED that the CIA's motion for summary judgment be, and hereby is GRANTED in part and DENIED in part.  It is granted as to documents 1189723, 1192013, 1192017, 1192045, and 1192048.  It is denied with respect to the remaining 26 of the 31 documents as to which Fuller has presented a challenge.  It is further

ORDERED that, in accord with this memorandum opinion, the CIA be, and hereby is, DIRECTED to re-review the 26 documents that remain in dispute, and by March 19, 2007 file a revised index and declaration relating to the 26 disputed documents, and file *ex parte* and under seal unredacted versions of the 26 remaining disputed documents.

SIGNED this 28th day of February, 2007.

_____/s/_____
RICHARD W. ROBERTS
United States District Judge